UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHAN ANTHONY COOMBS,<br><br>                   Petitioner,<br><br>     v.<br><br>JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; ERIC HOLDER JR., ATTORNEY GENERAL; ROBIN BAKER/JOHN A. GARZON,  DIRECTOR OF FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; JOHNNY WILLIAMS, OFFICER IN CHARGE,<br><br>                   Respondents. | Civil No.   12cv1417-AJB(NLS)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On June 11, 2012, Petitioner Rohan Anthony Coombs, a detainee proceeding *pro se*, in the custody of the Department of Homeland Security ("DHS")[1], Bureau of Immigration and Customs Enforcement filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his bond hearing.  Respondents filed a return on August 10, 2012.  (Dkt. No. 7.)  Petitioner filed a traverse on August 22, 2012.  (Dkt. No. 8.)  After a thorough review of the papers and applicable law, the Court DENIES the petition for writ of habeas corpus.

**Factual Background**

Petitioner, a native and citizen of Jamaica, immigrated to the United States as a lawful

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") was dissolved and its functions were transferred to the Department of Homeland Security.  See Casas-Castrillon v. Dept. of Homeland Security, 535 F.3d 942, 945 n. 1 (9th Cir. 2008).

permanent resident in 1981.  (Notice of Lodgment ("NOL"), Ex. D.)  From 1987 to 1991, he served in the United States Marine Corps which included active combat in Kuwait.  (Id., Ex. K.)  He was honorably discharged on May 24, 1991 and re-enlisted in the Marines the following day.  (Id.)  In 1992, Petitioner pled guilty to possession of drug abuse paraphernalia and possession of controlled substances with intent to distribute, wrongfully fleeing a Staff Sergeant, and wrongfully distributing cocaine and marijuana in violation of the Uniform Code of Military Justice.  (Id., Ex. A.)  On August 6, 1992, Petitioner was sentenced to 18 months in prison and dishonorably discharge.  (Id.)  He appealed to the U.S. Navy-Marine Corps Court of Miliary Review, which affirmed the conviction.  (Id., Ex. B.)

Since then, Petitioner was convicted on three separate occasions in 2006, 2007 and 2008 of, among other things, possession of a controlled substance for the purposes of sale.  (Id., Ex. K.)  The 2007 and 2008 crimes were done while he was on probation.  (Id.)  As to the last crime in 2008, Petitioner was convicted of possession for sale of marijuana in violation of California Health & Safety Code section 11359 and sentenced to 16 months in prison.  (Id., Ex. C.)

In 2008, Petitioner came to the attention of Immigration and Customs Enforcement ("ICE"). (Id., Ex. D.)  ICE initiated removal proceedings against Petitioner charging him with being removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony, and 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance offense. (Id., Ex. E.)

Due to his criminal convictions, Petitioner was mandatorily detained under 8 U.S.C. § 1226(c) during his administrative removal proceedings.  (Id., Ex. F.)  He requested a redetermination of the custody decision but the request was denied.  (Id., Ex. G.)

On March 11, 2010, after the removal hearing, the immigration judge ("IJ") denied Petitioner's motion to terminate removal proceedings and found him removable as charged.  (Id., Ex. H.)  The IJ ordered Petitioner removed to Jamaica.  (Id. at 4.)  Petitioner appealed the removal order to the BIA, which dismissed the appeal on August 31, 2010.  (Id., Ex. I.)  On September 23, 2010, Petitioner field a petition for review with the Ninth Circuit Court of Appeals which granted a stay of removal pending judicial review of the removal order.  (Id., Ex. J.)

1      On June 6, 2011, while Petitioner's petition for review was pending before the Ninth Circuit, the IJ granted his request for bond redetermination pursuant to Casas-Castrillon, v. D.H.S., 535 F.3d 942 (9th Cir. 2008), and Prieto-Romero, 534 F.3d 1053 (9th Cir. 2008). (Id., Ex. K.) On July 11, 2011, the IJ held a bond hearing. (Id.) On August 4, 2011, the IJ issued an order denying bond and found that the DHS had proven by clear and convincing evidence that Petitioner is a flight risk and a danger to the community. (Id. at 6.) Petitioner did not appeal the IJ's order.

      Instead, Petitioner filed a habeas petition in this Court on September 21, 2011 in case no. 11cv2201-BEN(BGS). (Id., Ex. M.) On October 27, 2011, while the petition was pending in this Court, Petitioner filed an appeal of the IJ's bond decision with the BIA. (Id., Ex. L.) On November 30, 2011, the BIA denied Petitioner's appeal as untimely. (Id.) On May 29, 2012, the district judge in case no. 11cv2201-BEN(BGS) denied as moot Petitioner's request for a bond hearing since he was granted a bond hearing and dismissed without prejudice Petitioner's due process challenges to the bond hearing for failure to exhaust administrative remedies. (Id.; Ex. M.) Although Petitioner had exhausted at the time of the Court's decision, the district judge stated "[t]o the extent Coombs has now exhausted his administrative remedies, he may file a new habeas action." (Id. at 6.)

## Discussion

      Petitioner seeks to be released on supervised release or seeks an order by the Court directing Respondents to hold another bond hearing. (Pet. at 2.) He contends that his due process rights were violated at the bond hearing because the Casas standards for a bond hearing were not followed. (Id.) In addition, he argues that the IJ that presided over his bond hearing was prejudiced against him because he was also the immigration judge that originally ordered him deported. (Id.)

**A.  Jurisdiction**

      Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the Attorney's General's authority" to detain a removable alien under the general detention statutes. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001). The REAL ID Act of 2005 amended the Immigration and Nationality Act ("INA") and vests jurisdiction over final removal orders with the court of appeals. Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). The Real ID Act does not divest the district court of jurisdiction because the Act was "not intended to 'preclude

habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 43 (9th Cir. 2005) (citation omitted).  Here, Petitioner challenges his continued detention and not the validity of a final order of removal.  Therefore, this Court has jurisdiction under 28 U.S.C. § 2241 to consider his petition.

Moreover, it is established that the district court is precluded from reviewing the Attorney General's discretionary authority.  See 8 U.S.C. § 1226(e); see Romero-Torres v. Ashcroft, 327 F.3d 887, 891-92 (9th Cir. 2003).  However, this does not deprive a Court of jurisdiction to review claims that the Attorney General's discretion was not exercised in accordance with the Constitution. Gutierrez-Chavez v. I.N.S., 298 F.3d 824, 829-30 (9th Cir. 2002).  The court's jurisdiction is limited to reviewing whether the denial of discretionary relief involved a violation of federal law or the constitution.  Id.  Moreover, any challenge of an IJ's discretionary determination must present a colorable, constitutional claim.  Mendez-Castro v. Kukasey, 552 F.3d 975, 978 (9th Cir. 2009).  "To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity."  Id. (internal quotation marks omitted).  In this case, Petitioner alleges that his constitutional due process rights were violated at his bond hearing.  Therefore, the Court may review Petitioner's constitutional challenges to his bond hearing.

**B.     Bond Hearing**

Petitioner argues that he received a procedurally deficient bond hearing and is therefore being held in violation of his due process rights.  He argues that the hearing was constitutionally deficient for the following reasons:  (1) the IJ erroneously concluded that Petitioner was a flight risk based on one incident; (2) the IJ erroneously failed to apply the factors set forth in In re Guerra, 24 I. & N Dec. 37 (B.I.A. 2006) as to danger to the community factor; and (3) the IJ who presided over his bond redetermination hearing was not "neutral" because he also presided over Petitioner's removal proceedings.  Respondents oppose.[2]

---

[2]Respondents argue that the petition is successive because Petitioner previously raised identical claims in his prior petition and the claims were rejected on their merits in case no. 11cv2201-BEN(BGS).  The Court disagrees.  Although the petition is similar, the district court in case no. 11cv2201-BEN(BGS) did not address the merits of Petitioner's constitutional claims regarding his bond hearing.  In that case, the district court denied the petition in part as moot and in part for failure to exhaust administrative remedies because he did not exhaust prior to the filing of the petition.  The Court

1     Section 1226(a) provides the authority for the Attorney General to conduct a bond hearing
2 and release an alien on bond or detain him if necessary to secure his presence at removal. Casas-
3 Castrillon, 535 F.3d at 951. Under section 1226(a), an alien "is entitled to release on bond unless
4 the "government establishes that he is a flight risk or will be a danger to the community." Id. In
5 Singh, the Ninth Circuit held that the applicable standard of proof at a Casas bond hearing is for the
6 government to prove by "clear and convincing evidence that an alien is a flight risk or a danger to
7 the community to justify denial of bond at a Casas hearing." Singh, 638 F.3d at 1203.

**1.     Flight Risk**

9     Petitioner argues that Respondents did not prove by clear and convincing evidence that
10 Petitioner was a flight risk. Specifically, he argues that the IJ pointed to one incident where
11 Petitioner ran from a Staff Sergeant and concluded he was a flight risk. Respondents summarily
12 contend that the IJ assigned the appropriate burden of proof on the DHS to prove he was a flight
13 risk.

14     Here, the IJ provided a thorough analysis of Petitioner's risk of flight. The IJ addressed the
15 factors in favor of Petitioner as to flight risk which included his strong ties to the United States, his
16 service in the Marines, and letters from family members that would provide employment, housing,
17 emotional support, and counseling if released. The IJ also looked to factors against Petitioner in his
18 flight risk determination. After balancing the positives and negatives, the IJ concluded that
19 Petitioner is a flight risk.

20     In conclusion, the IJ found that Petitioner is a flight risk because: "(1) the respondent has
21 previously pled guilty to running from a Staff Sergeant; (2) the respondent has two convictions
22 based on probation violations for defying court orders; (3) the respondent has no significant form of

---

did not address the allegation of a due process violation at his bond hearing. Even though Petitioner had exhausted his administrative remedies prior to the Court's decision, the Court dismissed the petition and informed Petitioner that he could file a new habeas petition. (NOL, Ex. M.)

Moreover, Respondents argue that the abuse of the writ doctrine applies; however, no new claims are raised by the instant petition. Therefore, the abuse of the writ doctrine does not apply.

Lastly, Respondents argue that Petitioner failed to exhaust his administrative remedies because the appeal of the IJ's order denying bond was filed late with the BIA. However, Respondents do not provide any legal authority to support such a proposition. Here, Petitioner filed an appeal with the BIA on October 27, 2011. (NOL, Ex. L.) Therefore, he has exhausted his administrative remedies.

relief available to him; (4) the respondent avoided taking responsibility for his actions, and consistently blamed his convictions on his difficult circumstances; and (5) the respondent has been convicted four times for possessing some form of controlled substance with intent or purpose to sell or distribute." (Id. at 6.) As a result, the IJ concluded that DHS proved by clear and convincing evidence that Petitioner posed a flight risk.[3] Contrary to Petitioner's claim, the IJ's decision on Petitioner's flight risk was not based solely on one incident. Accordingly, the Court concludes that the IJ conducted an individualized determination as to flight of risk.

### 2.   Danger to the Community

Petitioner argues that the IJ failed to apply the factors stated in Matter of Guerra, 24 I. & N. Dec. at 40 regarding the danger to the community factor. Respondents oppose.

One factor in Guerra is to look at Petitioner's criminal record, "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." Matter of Guerra, 24 I & N at 40. The IJ noted that although Petitioner is not a violent criminal, his convictions for possession of marijuana for the purpose of sale, which is an aggravated felony drug trafficking crime, makes him dangerous. (NOL, Ex. K at 6.) Moreover, Petitioner was convicted on four separate times for possession of a controlled substances for the purpose of sale, two of which occurred while on probation and one which resulted in his dishonorable discharge from the Marines in 1993. (Id. at 7.) His repeated propensity to sell drugs makes him a danger to the community. (Id. at 8.) The IJ also noted that despite the positive factors of the danger analysis such as his length of residence in the U.S., strong family ties, support from his fiancé and employment history with the Marines, those factors existed when he was last convicted. (Id.) Lastly, the IJ wrote, "[n]either a dishonorable discharge, probation, nor prison dissuaded him from his bad acts; nor did warning by the criminal courts that he might be deported." (Id.) As a result, the IJ found that the DHS met its

---

[3] In discussing the flight risk factor, Petitioner notes that there was no transcript of the bond proceedings and questioned how Respondents could state that the record demonstrates that his due process rights were not violated when there was no record of it. In Singh, the Ninth Circuit held that due process requires contemporaneous record of bond hearings; however, it held that the government's failure to make available for appeal contemporaneous record of alien's bond hearing did not prejudice the alien. Singh, 638 F.3d at 1208-09. Here, Petitioner does not provide reasons why he was prejudiced. In this case, the IJ provided a thorough record of the proceedings in his decision.

burden of proving that Petitioner is a danger to the community. The IJ properly considered the factors in <u>Matter of Guerra</u>. Accordingly, the Court DENIES Petitioner's claim that the IJ failed to apply the factors in <u>Matter of Guerra</u> as to danger to the community.[4]

In conclusion, the Court finds that Petitioner's due process rights were not violated when the IJ denied the release of Petitioner at the bond hearing based on his conclusion that Petitioner was a flight risk and a danger to the community.

### 3. "Neutral" Immigration Judge

Petitioner also argues that the IJ that conducted his bond hearing was not an a "neutral judge" because he was the same judge that presided over his removal proceedings. Respondents assert that the same IJ can preside over both removal and bond hearings citing to <u>Joseph v. Holder</u>, 600 F.3d 1235, 1242 (9th Cir. 2010); <u>Dela Cruz v. Napolitano</u>, 764 F. Supp. 2d 1197, 1204 (S.D. Cal. 2011) ("there is nothing improper with the same IJ presiding over both the removal and bond proceedings"). The Court agrees.

Accordingly, the Court concludes that the bond hearing was not procedurally deficient because the same IJ presided over both the bond and the removal proceedings.

### Conclusion

Based on the above, the Court DENIES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

DATED: September 25, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[4] Petitioner also argues that his due process rights were violated because the IJ cited to BIA decisions that were not provided by either party or the IJ. He argues that his "due process was violated again by the Immigration Judge because there was evidence that supposedly present (sic) to the court but not to the Petitioner. The Petitioner believe he has the right to know about all evidence presented against him thus makes it a violation because this evidence was used to denied him of his liberty." (Traverse at 13.) Petitioner mistakenly correlates citing legal cases to evidence. Citing to legal cases that were cited by the BIA or citing to cases not cited by either party is not a violation of due process.